NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York, 10005
Telephone: (212) 220-3830
(File No: 28-233)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STARR INDEMNITY & LIABILITY CO. a/s/o
General Cocoa Company,

                              Plaintiff,                      18 Civ. 5329

       -against-                                       **VERIFIED**
                                                             **COMPLAINT**

A.P. MOLLER – MAERSK A/S trading as MAERSK LINE
and M.V. MAERSK MEMPHIS, her engines, boilers etc.,

                              Defendants.
------------------------------------------------------------------------x

       Plaintiff, by its attorneys, NICOLETTI HORNIG & SWEENEY alleges upon information and belief, as follows:

       **FIRST**:     All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

       **SECOND**:    At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed, and by this reference made a part hereof.

       **THIRD**:     At and during all the times hereinafter mentioned, Defendant A.P. MOLLER – MAERSK A/S had and now has the legal status and office and place of

business stated in Schedule "A", and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the M.V. MAERSK MEMPHIS as a common carrier of merchandise by water for hire.

**FOURTH**:   At and during all the times hereinafter mentioned, the M.V. MAERSK MEMPHIS was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH**:   On or about the dates and the port of shipment stated in Schedule "A", there was shipped by the shipper and delivered to Defendant and the said vessel, as common carrier, the shipment described in Schedule "A" then being in good order and condition, and Defendant and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule "A", and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule "A".

**SIXTH**:   Thereafter, the said vessel arrived at the port of destination and thereafter Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matters and things stated in Schedule "A", all in violation of Defendant's and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**:   Plaintiff is the duly subrogated insurer of the consignee and owner of the shipment described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH**:   By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $27,192.47.

**WHEREFORE**, Plaintiff prays:

1.   That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.   That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $27,192.47, interest thereon and costs, the sum sued for in this Complaint;

3.   That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

4.   That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M.V. MAERSK MEMPHIS, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as

aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

       5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       June 13, 2018

                NICOLETTI HORNIG & SWEENEY
                *Attorneys for Plaintiff Starr Indemnity & Liability*

By: _____
                James F. Sweeney, Esq.
                Carole A.R. Rouffet, Esq.
                Wall Street Plaza
                88 Pine Street, Seventh Floor
                New York, New York, 10005
                Telephone: (212) 220-3830
                (File No: 28-233)

## SCHEDULE A

**Plaintiff's Legal Status and
Office and Place of Business:**

Plaintiff, STARR INDEMNITY AND LIABILITY COMPANY, was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with an office and place of business at 399 Park Avenue, Second Floor, New York, New York, 10022.

**Defendant's Legal Status and
Office and Place of Business:**

Defendant, A.P. MOLLER – MAERSK A/S trading as MAERSK LINE, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of Denmark, with an office and place of business located at 50 Esplanaden, DK-1098, Copenhagen, Denmark, and a local office located at 180 Park Avenue, Building 105, 07932 Florham Park, New Jersey.

| | |
|---|---|
| Date of Shipment: | May 25, 2017 |
| Port of Shipment: | Mumbai, India |
| Port of Discharge: | Newark, New Jersey |
| Final place of Destination: | Morristown, New jersey |
| Bills of Lading: | MAEU960709936; MAEU960700218 and MAEU960735850 |
| Vessel: | M.V. MAERSK MEMPHIS |
| Carrier: | Maersk Line A/S |
| Consignee: | General Cocoa Co. |
| Shipment: | Cocoa butter |
| Nature: | Physical Damage by wetting and mold |
| Amount of loss: | $27,192.47 |
| Maersk Ref: | 1706-38097922 |

## VERIFICATION

STATE OF NEW YORK   )
                    : SS
COUNTY OF NEW YORK  )

CAROLE A.R. ROUFFET, being duly sworn, deposes and says:

That she is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiff herein.

That she has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to her own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, she believes them to be true.

Deponent further says that the sources of her information and the grounds for her belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
CAROLE A.R. ROUFFET

Sworn to before me this 13th day of
June, 2018

_____
Notary Public